**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
MICHAEL CALLARI, individually and on behalf
of other persons similarly situated who were
employed by BLACKMAN PLUMBING     **MEMORANDUM OF**
SUPPLY, INC., and/or any other entities affiliated     **DECISION AND ORDER**
with or controlled by BLACKMAN PLUMBING     11-CV-3655 (ADS) (AKT)
SUPPLY, INC.,

                               Plaintiffs,

           -against-

BLACKMAN PLUMBING SUPPLY, INC.,
ROBERT MANNHEIMER, AS CO-EXECUTOR
OF THE ESTATE OF RICHARD BLACKMAN,
AND ROBERT A. TEPEDINO, AS CO-
EXECUTOR OF THE ESTATE OF RICHARD
BLACKMAN, and JOHN DOES #1–10,

                               Defendants.
----------------------------------------------------------------X

**APPEARANCES:**

**Bee Ready Fishbein Hatter & Donovan, LLP**
*Attorneys for the Plaintiff and Opt-in Plaintiff George Ruggiero*
170 Old Country Road, Suite 200
Mineola, NY 11501
    By: Robert Connolly, Esq., Of Counsel

**Certilman Balin Adler & Hyman, LLP**
*Attorneys for the Defendants*
90 Merrick Avenue
East Meadow, NY 11554
    By: Douglas E. Rowe, Esq.
         James A. Rose, Esq.
         Sanjay V. Nair, Esq., Of Counsel

**SPATT, District Judge.**

On July 29, 2011, the Plaintiff Michael Callari ("Callari"), individually and on behalf of

other persons similarly situated, commenced this action against the Defendants Blackman

Plumbing Supply, Inc. ("BPS"), Richard Blackman ("Blackman") and John Does #1–10.

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216, New York Labor Law ("NYLL") Article 19 § 663, NYLL Article 6 §§ 190 et seq. and 12 New York Codes, Rules and Regulations ("NYCRR") § 142-2.2, the Plaintiff seeks to recover allegedly unpaid overtime wages owed to him and all similarly situated persons who are presently or were formerly employed by BPS and/or any entities affiliated with or controlled by BPS, Blackman and John Does #1–10.

On June 21, 2013, following the passing of Blackman, the parties entered into a stipulation substituting Robert Manheimer ("Manheimer") and Robert A. Tepedino ("Tepedino," and together with "BPS" and "Manheimer," the "Defendants"), as Co-Executors of the Estate of Blackman, as defendants in this action, in the place and stead of Blackman. The Court "so ordered" this stipulation on June 24, 2013. In addition, on September 28, 2012, George Ruggerio ("Ruggerio," and together with "Callari," the "Plaintiffs") opted-in as a plaintiff. He is the only opt-in plaintiff in this action.

On December 19, 2013, the Court issued an Order, in relevant part, granting the Defendants' motion for summary judgment as to the opt-in Plaintiff Ruggiero's FLSA claim, because he waived his right to sue under the FLSA. The Court also found that this case is governed by FLSA's two-year statute of limitations on the ground that the Plaintiffs offered no proof to establish that the Defendants either knew or recklessly disregarded FLSA requirements when it classified him as an exempt employee.

The Plaintiffs now move pursuant to Local Civil Rule 6.3 for reconsideration of the Court's summary judgment decision with respect to these two determinations. In addition, the Plaintiffs seek an order from this Court striking certain portions of the reply declaration of the Defendants' witness Mark Schneider ("Schneider") from the record.

As an initial matter, the Court notes that the Plaintiffs, in their moving papers, have included footnotes in violation of this Court's Individual Rule I.A. Notwithstanding this infraction, the Court will consider the Plaintiffs' papers in rendering its decision. However, the Court advises the Plaintiffs' counsel that any future filings that contain footnotes will not be considered by this Court.

For the reasons set forth below, the Court denies both of the Plaintiffs' motions.

## I. DISCUSSION

The Court assumes the parties' familiarity with the background of this case and the Order that the Defendant now challenges. See Callari v. Blackman Plumbing Supply Inc., No. 11–CV–3655 (ADS)(AKT), 2013 WL 6795911 (E.D.N.Y. Dec. 19, 2013). Accordingly, the Court need not repeat those facts here and proceeds to the Plaintiffs' motion to strike and motion for reconsideration.

### A. The Motion for Reconsideration

#### 1. The Legal Standard

A motion for reconsideration in the Eastern District of New York is governed by Local Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Of importance, a motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion. See Trans-Pro Logistic Inc. v. Coby Elecs. Corp., No. 05 Civ. 1759, 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010) (citing Ferrand v. Credit Lyonnais, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003)); see also Zdanok v. Glidden Co., Durkee Famous Foods Div., 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). Indeed, a motion for reconsideration should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have already been considered fully by the court" and is considered an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Trans-Pro Logistic Inc., 2010 WL 4065603, at *1 (internal quotation marks omitted). Ultimately, the decision as to whether to grant a motion for reconsideration rests within the sound discretion of the district court. Kapsis v. Bloom, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009).

**2. As to the Plaintiffs' Motion to Reconsider the Court's December 19, 2013 Order**

In their present motion, the Plaintiffs challenge two rulings from the Court's December 19, 2013 Order. First, the Plaintiffs seek reconsideration of the Court's finding that, as a matter of law, Plaintiff Ruggiero waived his right to sue under the FLSA. Second, the Plaintiffs contend that the Court should have held that the FLSA's three-year statute of limitations applied in this case, rather than the FLSA's two-year statute of limitations. However, as to both contentions, the Court finds that the Plaintiffs have failed to show that they are entitled to reconsideration.

With respect to their first argument, the Plaintiffs claim that the Court "overlooked controlling decisions and/or factual matters" when it rendered its decision to grant summary judgment in favor of the Defendants on Ruggiero's FLSA claim. The Plaintiff points to no intervening change of controlling law; no new evidence; and no clear error or manifest injustice to justify reconsideration under Local Civil Rule 6.3. Instead, it appears to the Court that the Plaintiffs merely reargue their previous position from their opposition to the Defendants' prior motion for summary judgment. Moreover, it seems as though the Plaintiffs have misunderstood the Court's initial holding by narrowly focusing on whether Ruggiero's deposition contradicted his declaration.

In its December 19, 2013 decision, the Court first described the underlying facts of this case as follows:

> Ruggiero ended up receiving two checks in connection to the back wages he was allegedly owed by BPS. First, he received a check in the amount of approximately $725 from the New York State Labor Board, which was sent to him in the mail. Second, on August 7, 2009, as a result of the DOL investigation, he received a check in the amount of $1,590.12 from BPS. Ruggiero went to BPS's office in Bayport to pick up the check from BPS human resource employees Sue Cook ("Cook") and Mark Schneider ("Schneider"). Before receiving the check, Ruggiero signed a WH–58 Form entitled "Receipt for Payment of Lost or Denied Wages, Employment Benefits, or Other Compensation" ("WH–58 Form"). The WH–58 Form included a "NOTICE TO EMPLOYEE UNDER THE FAIR LABOR STANDARDS ACT," which stated
>
>> Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs. The statute of limitations for Fair Labor Standards Act suits requires that a suit for unpaid

> > minimum wages and/or overtime compensation must be filled within 2 years of a violation of the Act, except that a suit for a willful violation must be filed within 3 years of the violation. Do not sign this receipt unless you actually have received payment of all back wages due.
>
> (Rose Decl., Exh. F.) However, Ruggiero claims he did not read the document before signing it. Ruggiero kept the money from both checks.
> . . . [O]n October 25, 2013, in connection with the Plaintiff's opposition to the Defendants' motion for summary judgment, Ruggiero filed a declaration in which he asserts that by signing the WH–58 Form he did not waive his rights to bring a lawsuit against them for overtime wages, liquidated damages and attorney fees. (Ruggiero Decl., ¶ 3.) Rather, although he did not assert this during his deposition, Ruggiero argues that prior to signing the WH–58 Form, he was not informed of his rights and remedies under the FLSA and that his signature was obtained by fraud and coercion on the part of BPS. (Ruggiero Decl., ¶ 3.) In this regard, he alleges that Cook and Schneider misrepresented his options in that they advised him that he should take the check because he would receive nothing otherwise. He further claims that he never received a copy of the WH–58 Form. However, according to Schneider, he gave a copy of the WH–58 Form to Ruggiero on the date he signed it. (Schneider Decl., ¶ 13.) He also denies making any misrepresentations to Ruggiero.

Callari, 2013 WL 6795911, at *10.

Then, in the discussion portion of its decision, the Court explained that the undisputed facts demonstrated that Ruggiero had waived his right to pursue an FLSA cause of action. In this regard, the Court stated:

> [A]n employee waives his right to sue under the FLSA when "(a) [ ] the employee agree[s] to accept payment which the Secretary of Labor determines to be due and (b) that there be payment in full, and both elements must be satisfied independently." Zhengfang Liang v. Café Spice SB, Inc., 911 F. Supp. 2d 184, 198 (E.D.N.Y. 2012) (quoting Parada v. Banco Indus. de Venezuela, C.A., No. 10 Civ. 0883(SHS), 2011 WL 519295, at *9 (S.D.N.Y. Feb. 15, 2011)). In this regard, 29 U.S.C. § 216(c) provides that "[t]he Secretary is authorized to supervise the payment of . . . the unpaid overtime compensation owing to

any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such . . . unpaid overtime compensation and an additional equal amount as liquidated damages." See also Zhengfang Liang, 911 F. Supp. 2d at 198. "[C]ourts that have determined that a plaintiff's FLSA claims were waived pursuant to a DOL settlement have found that the waiver occurred pursuant to plaintiff's receipt of a WH–58 form, which contains explicit waiver language, or a similar form containing explicit waiver language." Id. at 198–99 (collecting cases).

. . . [O]n August 7, 2009, [Ruggiero] accepted a check from the Defendants for unpaid overtime compensation as part of a DOL settlement. When collecting his check at the BPS corporate office in Bayport, he signed a WH-58 Form which clearly stated that by accepting the check, he had "given up any right [he] may have to bring suit for back wages" under the FLSA for "overtime compensation and liquidated damages, plus attorney's fees and court costs." (Rose Decl., Exh. F.) The WH-58 Form further warned Ruggiero not to sign it "unless [he] actually [ ] received payment of all back wages due." (Rose Decl., Exh. F.) Nevertheless, despite this clear notice, Ruggiero signed the WH-58 Form, accepted the check from the Defendants and kept the money from the check.

In the Court's view, under these circumstances, Ruggiero has waived his right to sue under the FLSA. Indeed, the evidence before the Court establishes that Ruggiero "agree[d] to accept payment which the Secretary of Labor determine[d] [was] due" and that Ruggiero received full payment from BPS. Zhengfang Liang, 911 F. Supp. 2d at 198–99; Parada, 2011 WL 519295, at *9. The evidence further establishes that Ruggiero signed the WH-58 Form. As suggested above, the signing of a WH-58 form, pursuant to a DOL settlement and which contains explicit waiver language, is sufficient to constitute a waiver in accordance with 29 U.S.C. § 216(c). See Zhengfang Liang, 911 F. Supp. 2d at 198–99.

Callari, 2013 WL 6795911, at *14–15.

Thus the emphasis of the Court's decision was on the fact that the WH-58 form itself plainly provided Ruggiero with the necessary notice that by signing the WH-58, he was waiving his right to pursue a claim under the FLSA. Indeed, the WH-58 clearly states "Your acceptance of back wages due under the Fair Labor Standards Act means that *you have given up any right*

7

*you may have to bring suit for back wages under Section 16(b) of that Act.* Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs. . . . *Do not sign this receipt unless you actually have received payment of all back wages due.*" (Rose Decl., Exh. F, emphasis added.) While the Plaintiffs again argue in this motion for reconsideration that the Defendants were required to advise Ruggiero of his right to decline the money and pursue his remedies through other means, they continue to ignore that the very explicit language contained in the WH-58 was more than adequate in providing Ruggiero with this advice.

Further, although the Court stated that "while Ruggiero now argues in a self-serving declaration that he was coerced into signing the WH–58 Form, he did not assert this during his deposition and there is no evidence in the summary judgment record to support his claim," Callari, 2013 WL 6795911, at *15, even assuming the Court accepted the assertions in Ruggiero's declaration as true, it would not have changed the outcome of its summary judgment decision. As already stated, the WH-58 contains an unambiguous statement that (1) an employee can bring an action pursuant to FLSA § 16(b) for, among other things, unpaid wages and (2) by signing the WH-58, Ruggiero would be waiving his right to bring such a lawsuit. Thus, the WH-58 was very clear about Ruggiero's options and that he was forfeiting his right to bring an FLSA claim by accepting the back wages and signing the WH-58.

Besides attempting to rehash facts that were presented to the Court during the summary judgment stage of this case, the Plaintiffs also attempt to revisit case law that was already before the Court when it decided the Defendants' summary judgment motion. In this regard, the Plaintiffs attempt to have this Court readdress Zhengfang Liang, 911 F. Supp. 2d at 198–99, and

Parada, 2011 WL 519295, at *9, as well as Woods v. RHA/Tennessee Group Homes, Inc., 803 F. Supp. 2d 789, 801 (M.D. Tenn. 2011), which the Plaintiffs discussed in their opposition papers. Thus, as these cases were all previously considered by the Court when it rendered the December 19, 2013 Order, the Court denies the Plaintiffs' motion for reconsideration in this respect and the Court declines to reevaluate these cases. See R.B. ex rel. A.B. v. Dep't of Educ. Of City of New York, No. 10 Civ. 6684(RJS), 2012 WL 2588888, at *3–4 (S.D.N.Y. July 2, 2012), Trans-Pro Logistics Inc., 2010 WL 4065603, at *2; Minkina v. Ashcroft, No. 01 CV 0511 SJ, 2004 WL 1447947, at *1 (E.D.N.Y. June 25, 2004).

Further, to the extent the Plaintiffs attempt to rely on Woods, 803 F. Supp. 2d at 798–801, and Victoria v. Alex Car, Inc., No. 11 C 9204, 2012 WL 1068759, at *4 (N.D. Ill. Mar. 29, 2012), the Court notes that both of these cases are from another jurisdiction and are not controlling decisions requiring reconsideration. See Police Benev. Ass'n of the New York State Troopers, Inc. v. New York, 1:11-CV-1526 MAD/CRH, 2013 WL 3450996, at *3 (N.D.N.Y. July 9, 2013) ("A decision by another district court is not binding on this court and therefore does not constitute an intervening change in controlling law sufficient to merit reconsideration. Persuasive but nonbinding authority does not constitute a point of law or fact that mandates reconsideration.") (citations and internal quotation marks and alterations omitted); Premium Sports Inc. v. Connell, 10 CIV. 3753 KBF, 2012 WL 2878085, at *2 (S.D.N.Y. July 11, 2012) ("Plaintiff does not cite caselaw from this Circuit . . . and thus, there are no controlling decisions before this Court that counsel in favor of reconsideration.") (citation omitted).

As to the Plaintiffs' challenge to the Court's holding on the applicable statute of limitations, the Court also finds the Plaintiffs' arguments to be unavailing. In this regard, the Court explained in the December 19, 2013 decision as follows:

9

> A plaintiff bringing a claim for overtime compensation under the FLSA must do so "within two years after the cause of action has accrued, unless a plaintiff can show that a defendant's violation of the [FLSA] was willful, in which case a three-year statute of limitation applies." Solis v. SCA Restaurant Corp, 938 F. Supp. 2d 380, 393 (E.D.N.Y. 2013) (citing 29 U.S.C. § 255(a)). "Courts have held that for the purposes of establishing the statute of limitations under the FLSA, a new cause of action accrues with each payday following an allegedly unlawful pay period." Lee v. ABC Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y. 2006); see also 29 C.F.R. § 790.21(b) ("[A] cause of action under the Fair Labor Standards Act for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends.").
>
> With respect to the three-year statute of limitation, "[f]or an employer's actions to be willful, the employer must have 'either known or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.'" Id. (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115, (1988)) (internal brackets omitted). "Plaintiffs bear the burden of proof on the issue of willfulness." Colella v. City of New York, No. 07 Civ. 6312(LAP), 2013 WL 6331725, at *13 (S.D.N.Y. Dec. 5, 2013) (citing Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009)). The question of willfulness is generally left to the trier of fact. Solis, 938 F. Supp. 2d at 393 (collecting cases).

Callari, 2013 WL 6795911, at *14. In addition, the Court noted that "[m]ere negligence on the part of the employer will not suffice.'" Id., at *16 (quoting Berrios v. Nicholas Zito Racing Stable, Inc., 849 F. Supp. 2d 372, 391 (E.D.N.Y. 2012)).

After laying this framework, the Court went on to hold that

> the summary judgment record contains no evidence that would suggest willfulness on the part of the Defendants in classifying the Plaintiff as an exempt employee. In fact, in his opposition to the Defendant's summary judgment motion, the Plaintiff does not even attempt to cite to any portion of the summary judgment record that might support his position in this regard. Of importance, "[a]n FLSA plaintiff seeking to invoke the three-year limitations period cannot survive a motion for summary judgment unless he 'makes a competent demonstration that there is a trialworthy issue as to

whether the employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" Clarke v. JPMorgan Chase Bank, N.A., No. 08 Civ. 2400(CM)(DCF), 2010 WL 1379778, at *10 (S.D.N.Y. Mar. 26, 2010) (quoting Lopez v. Corporacion Azucarera de P.R., 938 F.2d 1510, 1515–16 (1st Cir. 1991) (in turn, quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988))) (internal brackets omitted).

Instructive here is the court's decision in Gustafson v. Bell Atlantic Corp., 171 F.Supp.2d 311 (S.D.N.Y. 2001). In Gustafson, the court declined to apply the three-year statute of limitations to the plaintiff's FLSA claim. Id. at 324. The Gustafson court reasoned that "the plaintiff d[id] not offer sufficient evidence to carry his burden of proving a willful or reckless violation of the FLSA," in that he, like the Plaintiff in this case, "only speculate[d] that the [defendant] [c]ompany willfully attempted to conceal [the] plaintiff's eligibility for overtime pay by hiring him as an independent contractor." Id. at 323. Further, the court held that the "plaintiff offered no credible evidence to support his argument that [the] defendants were reckless in failing to determine whether [the] plaintiff was eligible for overtime pay under the FLSA," but instead "merely concluded that willfulness and recklessness existed, without pointing to any concrete evidence in the record." Id. at 323–24. See also Clarke, 2010 WL 1379778, at *12–13 ("Here, [the] [p]laintiff Clarke has not raised any genuine issue about whether the [Defendant's] alleged noncompliance with the FLSA was willful . . . . [He] has made no factual showing here. He has not raised any genuine issue about whether [the defendant] willfully violated the FLSA's overtime provisions. Thus, the two-year of limitations governs Clarke's FLSA claim, the claim is barred, and [the Defendant] is entitled to summary judgment.") (emphasis in the original).

Similarly, because the Plaintiff in this case has offered no proof to establish that the Defendants either knew or recklessly disregarded FLSA requirements when it classified him as an exempt employee, the Court finds that the three-year statute of limitations does not apply to the Plaintiff's FLSA collective action claim. See Edwards v. City of New York, No. 08 Civ. 3134(DLC), 2011 WL 3837130, at *5 (S.D.N.Y. Aug. 29, 2011) (declining to apply the three-year statute of limitations to the plaintiffs' FLSA claim where the "plaintiffs rel[ied] solely on the conclusory assertions in their complaint" and "ha[d] not identified any evidence that [the] defendant had actual knowledge of or acted with reckless disregard for its obligations under the FLSA"). See also Reyes v. New York City Health and Hospitals Corp., No. 10–CV–1606 (WFK)(JMA), 2012 WL 3764061, at *4 (E.D.N.Y. Aug.

11

> 29, 2012) (granting the defendants' motion for summary judgment and dismissing the Plaintiff's Family Medical Leave Act ("FMLA") claim as time-barred where the plaintiff "set [ ] forth no facts to demonstrate [the] [d]efendants' conduct was 'willful'" in that she "ha[d] not provided evidence [that the] [d]efendants had actual knowledge they were violating the FMLA").

Id., at *16–17.

Given the exhaustive nature of the Court's discussion on the statute of limitations issue, the Court sees no reason to revisit it. Although the Plaintiffs now attempt to satisfy their burden of demonstrating willfulness in order to invoke the FLSA's three-year statute of limitations, the Plaintiffs both could have and should have previously raised these arguments in their opposition papers to the Defendants' motion for summary judgment. "[The] [P]laintiffs may not use a motion for reconsideration to raise new arguments for the first time when they were free to raise them during the original briefing." Luv n' Care, Ltd. v. Regent Baby Products Corp., 10 CIV. 9492, 2013 WL 6501233 (S.D.N.Y. Dec. 11, 2013); see also Indradjaja v. Holder, 737 F.3d 212, 218 (2d Cir. 2013) ("[A] motion to reconsider based on a legal argument that could have been raised earlier in the proceedings, but was not, will be denied.") (citation omitted).

For the reasons set forth above, the Plaintiffs' motion for reconsideration of the December 19, 2013 Order is denied.

**B. The Motion to Strike**

As a final matter, the Court need not consider the Plaintiffs' motion to strike portions of the reply declaration of Schneider. This is because, even if the Court were to strike the challenged portions of Schneider's reply declaration, the Court still would conclude that Ruggiero waived his right to pursue an FLSA action against the Defendants based on the explicit language of the WH-58, which Ruggiero signed. Therefore, the motion to strike is moot. See, e.g., Fraser v. Fiduciary Trust Co. Int'l, 04 CIV. 6958 (PAC), 2009 WL 2601389, at *1 n.2

12

(S.D.N.Y. Aug. 25, 2009) aff'd, 396 F. App'x 734 (2d Cir. 2010) ("The Court need not strike or otherwise disregard the declarations submitted by Plaintiff and his counsel in order to reach this conclusion.  Consequently, Defendants' motion to strike all or part of these declarations is moot."); Loughman v. Unum Provident Corp., 536 F. Supp. 2d 371, 379 (S.D.N.Y. 2008) ("[W]e need not address plaintiffs' motions to strike the Affidavits of William Bradley and Stanley Wojtowicz and the Declaration of John Rowland, which were offered to support Unum's proposed interpretation of the Policies.  The subject Affidavits and Declaration, which address the negotiation and pricing of the Policies, were not relied upon by the Court, which has based its determination solely on the plain language of the Policies.").

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Plaintiffs' motion for reconsideration of the Court's December 19, 2013 Order is denied; and it is further

**ORDERED**, that the Plaintiffs' motion to strike is denied.

**SO ORDERED.**

Dated: Central Islip, New York
April 28, 2014                                                       _____/s/ Arthur D. Spatt_____
                                                                                  ARTHUR D. SPATT
                                                                              United States District Judge