UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL CALLARI, individually and on
behalf of other persons similarly situated who
were employed by BLACKMAN PLUMBING
SUPPLY, INC., and/or any other entities
affiliated with or controlled by BLACKMAN
PLUMBING SUPPLY, INC.,
            Plaintiff,

           -against-

BLACKMAN PLUMBING SUPPLY, INC.,
ROBERT MANNHEIMER, as Co-Executor of
the Estate of Richard Blackman, and ROBERT
A. TEPEDINO, as Co-Executor of the Estate of
Richard Blackman, and JOHN DOES #1–10,
            Defendants.
----------------------------------------------------------X

**ORDER**
11-cv-3655 (ADS) (AKT)

**FILED**
**CLERK**
12/23/2015 11:23 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**APPEARANCES:**</u>

**Bee Ready Fishbein Hatter & Donovan, LLP**
*Attorneys for the Plaintiff*
170 Old Country Road, Suite 200
Mineola, NY 11501
    By: Robert Connolly, Esq., Of Counsel

**Certilman Balin Adler & Hyman, LLP**
*Attorneys for the Defendants*
90 Merrick Avenue
East Meadow, NY 11554
    By: Sanjay V. Nair, Esq.
       James A. Rose, Esq.
       Douglas E. Rowe, Esq., Of Counsel

**SPATT, District Judge**.

      On April 17, 2014, the Plaintiff Michael Callari (the "Plaintiff") filed a motion: (i) to conditionally certify a collective action pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"); and (ii) to certify a class action pursuant to Federal Rule

1

of Civil Procedure ("Fed. R. Civ. P.") 23 for violations of New York Labor Law ("NYLL") §§ 650 *et seq.*

He defined the proposed class as all employees of the Defendants Blackman Plumbing Supply, Inc. ("BPS"), Richard Blackman ("Blackman") and John Does # 1–10 (collectively, the "Defendants") who "during the six years immediately preceding the initiation of this action up to the date of this decision, . . . performed work as inside sales persons and assistant managers."

On March 27, 2015, United States Magistrate Judge Tomlinson granted the Plaintiff's motion to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b).

On March 31, 2015, this Court denied the Plaintiff's motion for class certification pursuant to Fed. R. Civ. P. 23 (the "March 31, 2015 Order").

Presently before the Court is a motion pursuant to Local Civil Rule 6.3 by the Plaintiff for reconsideration of the March 31, 2015 Order.

For the reasons set forth below, the Plaintiff's motion is denied.

### I. DISCUSSION

The Court assumes the parties' familiarity with the background of this case and the March 31, 2015 Order. See Callari v. Blackman Plumbing Supply, Inc., 307 F.R.D. 67 (E.D.N.Y. 2015). Accordingly, the Court need not repeat those facts and proceeds directly to the Plaintiff's motion for reconsideration.

**A. The Legal Standard**

The Second Circuit has described the standard for granting a motion for reconsideration as "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." Id. Stated another way, to succeed on a motion for reconsideration, the movant must show "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790)).

Significantly, "'[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.'" Anderson v. City of New York, No. 06-CV-5363 KAM VVP, 2011 WL 5175600, at *2 (E.D.N.Y. Oct. 31, 2011) (quoting Davidson v. Scully, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)); see also Shearard v. Geithner, No. 09-CV-0963(JS)(ETB), 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.").

**B. As to the Plaintiff's Motion**

In the underlying motion for certification, the Plaintiff asserted that the proposed class satisfied the commonality and typicality requirements set forth in Rule 23(a) because both inside salespersons and assistant branch managers "shared similar duties and responsibilities" and were both "classified by [the] [D]efendant BPS as exempt [from overtime] and therefore, were all deprived of their rightful overtime compensation." (See the Pl.'s Mem. of Law, Dkt. No. 99–14, at 19–20.)

The Court rejected this argument because it found that although the evidence showed that BPS had a policy whereby it classified assistant branch managers as exempt from overtime requirements, the Plaintiff "failed to provide evidence that there was a similar policy whereby

3

inside sales representatives were also classified as exempt from overtime." (March 31, 2015, Dkt. No. 115, at 18.)

In his present motion for reconsideration, the Plaintiff asserts that the Defendants did not argue that "inside sales representatives were not classified as exempt from entitlement to overtime," and therefore, the Court should have adopted the Plaintiff's assertion that both inside salespersons and assistant branch managers were classified as exempt and not paid overtime. (See the Pl.'s Mem. of Law, Dkt. No. 121-1, at 3.) The Court disagrees.

It is the plaintiff's burden to establish that the requirements of Fed. R. Civ. P. 23 are satisfied by a preponderance of evidence. See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008). Indeed, a class action "'may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 33 (2d Cir. 2006) (quoting General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). Thus, even if the Defendants did not challenge the Plaintiff's assertion that BPS had a common policy exempting both inside salespersons and assistant branch managers from overtime, the Court had an independent obligation to consider the evidence in the record and assess whether the proposed class met the Rule 23(a) requirements. See Teamsters Local 445 Freight Div. Pension Fund, 546 F.3d at 202 (noting that a district court is required to "'assess all of the relevant evidence admitted at the class certification stage' when determining whether to grant a Rule 23 motion") (quoting In re Initial Pub. Offerings Sec. Litig., 471 F.3d at 42).

Accordingly, the fact that the Defendants allegedly did not challenge a factual assertion made by the Plaintiff in support of his motion for certification does not mean that the Court must

adopt that assertion, as the Plaintiff contends. Reconsideration is therefore not appropriate on that basis.

Next, the Plaintiff contends that the Court erroneously relied on testimony by Susan Cook ("Cook"), a BPS human resources administrator. (See the Pl.'s Mem. of Law, Dkt. No. 121–1, at 3–6.) In finding that the Plaintiff failed to show the existence of a common overtime policy with respect to both inside salespersons and assistant branch managers, the Court relied, in part, on testimony by Cook. When asked whether all inside salespersons at BPS were exempt from overtime, Cook responded, "no." (See the Mar. 31, 2015 Order at 18.) The Plaintiff contends that Court overlooked the fact that Cook testified only as to the Defendants' current policy of paying overtime to inside salespersons and did not testify as to whether such a policy existed during the entire class period. (See the Pl.'s Mem. of Law, Dkt. No. 121–1, at 3–6.) Again, the Plaintiff's argument misses the mark.

In her deposition, Cook could not recall if inside salespersons always received overtime but testified that as of December 12, 2012, the date of her deposition, inside salespersons did receive overtime in excess of the forty-hour work week:

> Q. With respect to inside salespersons at Blackman Plumbing, were they exempt or non-exempt employees who did or did not receive overtime?
> A. I don't recall.
> Q. Currently, do you know whether inside sales personnel at Black Plumbing received overtime?
> A. As far as I know, they receive overtime and what we call half time.
> Q. Do all inside salespersons at Blackman Plumbing receive overtime and halftime?
> A. I believe they do.
> Q. And what is your belief based upon?
> A. Talking with my co-worker, Mark, who processes payroll, who has the time sheets, who sees the hours, and from a Department of Labor information that he has received over time determined how an employee was paid.

(Tr. 90:19–91:19.)

Thus, at the very least, her testimony supports a finding that for part of the proposed class period, which ran from March 31, 2009 to March 31, 2015, inside salespersons, unlike assistant branch managers, did receive overtime. Accordingly, the Court's factual finding on this issue is not clearly erroneous, as the Plaintiff contends.

Furthermore, Cook's testimony that she could not recall whether BPS classified inside sales representatives as exempt from overtime for the entire class period does not alter the Court's finding that the Plaintiff failed to establish the existence of such policy. That is because the Court also found that the evidence offered by the Plaintiff — namely, the deposition testimony and declarations of the Plaintiff and opt-in Plaintiff George Ruggiero ("Ruggiero") — was only probative of the policies of the Mineola and Queens Village branches, and not the other eighteen branches in the New York, New Jersey, and Pennsylvania area. (Id. at 17–20.)

Thus, even considering the portion of Cook's testimony that the Plaintiff claims the Court overlooked, the Plaintiff still failed to show that the central question in the case — namely, whether inside salespersons and assistant branch managers were not paid overtime — was the subject of class-wide proof. Accordingly, the remedy of reconsideration is also not warranted because the factual assertion relied on by the Plaintiff would not have altered the result. See, e.g., Purchase Partners, LLC v. Carver Fed. Sav. Bank, No. 09 CIV. 9687 JMF, 2013 WL 1499417, at *2 (S.D.N.Y. Apr. 10, 2013) ("[N]either of these 'factual conclusions' had any bearing on the Court's holdings in the Opinion and Order . . . . In light of that concession alone, there is no basis to grant the extraordinary remedy of reconsideration."); Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., No. 07-CV-3208 (KAM) (SMG), 2010 WL 4878955, at *3 (E.D.N.Y. Nov. 23, 2010) (denying reconsideration because "none of these

asserted factual matters materially change the record before the court, nor alter the conclusions previously reached by this court.").

Third, in denying the Plaintiff's motion for certification, the Court also found that:

> the evidence . . . tends to show that the duties of assistant branch managers were not defined pursuant to a general policy or consistent throughout BPS's twenty branches. Thus, the issue of whether assistant branch managers were properly classified as exempt from overtime would have to be determined on an employee-by-employee basis. Such individual determinations are precisely the kind of the determinations that render certification inappropriate.

(Mar. 31, 2015 Order at 27.)

In his motion for reconsideration, the Plaintiff asserts that the Court erred by discounting the testimony of (i) Ruggiero; (ii) the Plaintiff; (iii) Paul Monahan, the branch manager at the Hicksville, Lynbrook, Huntington, and Mineola branches; (iv) Edward Cuff, the branch manager at the Mineola and Huntington branches; and (v) a compliance agreement signed by BPS and the Department of Labor pursuant to which it agreed to pay inside salespersons back wages for the period of July 1, 2006 to July 1, 2008. (The Pl.'s Reply Mem. of Law, Dkt. No. 123, at 4–6.)

However, in so arguing, the Plaintiff points to the same testimony that he offered in support of his underlying motion for certification, which the Court considered and discounted in its March 31, 2015 Order, see March 31, 2015 Order at 20–27. Accordingly, the Court declines the Plaintiff's apparent invitation to re-visit its earlier findings. See Heffernan v. Straub, 655 F. Supp. 2d 378, 381 (S.D.N.Y. 2009) ("Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments that he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied."); Babaev v. Grossman, No. 03-CV-5076 (DLI) (WDW), 2007 WL 3197393, at *1 (E.D.N.Y. Oct. 26, 2007) ("[R]econsideration or reargument motions should not be granted where the moving party seeks solely to re-litigate an issue already decided.").

7

Fourth, in his underlying motion for certification, the Plaintiff requested that "to the extent that [his] motion for conditional certification and notice is granted, but Rule 23 class certification is not granted," he "be permitted to renew its motion for Rule 23 class certification after class discovery has been conducted." (The Pl.'s Reply Mem. of Law, Dkt. No. 109, at 10.)

The Court denied the Plaintiff's request because it found that the Plaintiff offered "no legal authority, or other basis, as to why the Court should permit the Plaintiff to renew its motion for certification after further discovery has been conducted in the FLSA § 216(b) collective action." (Mar. 31, 2015 at 29.) The Court further noted that:

> this case is four years old and that the Plaintiff has had plenty of opportunities to engage in discovery in support of his Rule 23 motion. To give the Plaintiff a chance to re-file this motion after more discovery would be both unfair and prejudicial to the Defendants, especially, where, as here, the Plaintiff has offered no basis to believe that additional discovery would reveal any documents that would tend to support certification of a Rule 23 class action.

(Id.)

In his present motion, the Plaintiff contends that the Court erred in finding that the Plaintiff has "had plenty of opportunities to engag[e] in discovery" because he claims that the Defendants have failed to produce relevant discovery regarding the names of inside salesperson and assistant managers dating back to 2008 and un-redacted versions of certain DOL documents. (See the Pl.'s Mem. of Law, Dkt. No. 121–1, 10–14.)

Here again, the Plaintiff fails to offer any legal authority for the proposition that he is entitled to renew his motion for certification pursuant to Rule 23 based upon his theory that additional discovery may reveal new documents supporting class certification.

Moreover, on August 7, 2012, Judge Tomlinson directed the Defendants to produce to the Plaintiff the names of all inside salespersons and assistant branch managers. During the almost two years following the disclosure of those names, the Plaintiff had the opportunity to engage in

8

meaningful discovery as to the qualifications and duties of those named inside salespersons. (See Minute Order, Dkt. No. 24.)

Thus, the Plaintiff has failed to offer any factual or legal basis for the Court to reconsider its decision to deny his request to renew his motion for certification after additional discovery.

Fifth, the Plaintiff contends that the Court erroneously relied on Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) because that case involved gender discrimination claims and this case involves wage and hour claims. (See the Pl.'s Mem. of Law, Dkt. No. 121-1, at 18–19.).

In support, the Plaintiff relies on Jackson v. Bloomberg, L.P., 298 F.R.D. 152 (S.D.N.Y. 2014). There, the court granted a motion by a plaintiff to certify a Rule 23 class of customer support representatives based on allegations that the defendant, their current and former employer, failed to pay them overtime under the FLSA and the NYLL. See id. The court found commonality to be satisfied because the evidence showed that the defendant-employer had a common policy requiring all customer support representatives to work over-time. Id. at 163. Thus, the court found Bloomberg's "blanket reliance upon Dukes" to be "unpersuasive." Id.

The Plaintiff also relies on Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 616 (S.D.N.Y. 2012), which stated in *dicta*, "The Supreme Court's decision in Wal–Mart Stores, Inc. v. Dukes, ––U.S. ––––, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), does not preclude a commonality finding. The weight of authority rejects the argument that Dukes bars certification in wage and hour cases."

Here, by contrast, the Court relied on Dukes for the general proposition that "the existence of a 'common contention' is not sufficient to satisfy the commonality requirement; rather, "[t]hat common contention, moreover, must be of such a nature that it is capable of

9

classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." (See Mar. 31, 2015 Order at 13 (emphasis in original).)

The Second Circuit has repeatedly used the same language from <u>Dukes</u> to define the commonality requirement with respect to all Rule 23 class actions, including class actions premised on NYLL and FLSA violations. See, e.g., <u>Sykes v. Mel S. Harris & Associates LLC</u>, 780 F.3d 70, 80 (2d Cir. 2015) ("The Supreme Court has recently clarified the commonality requirement under Rule 23(a). 'Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law[.]' . . . . Interpreting this requirement in the context of sexual discrimination claims in violation of Title VII of the Civil Rights Act, the Court instructed that such claims 'must depend upon a common contention — for example, the assertion of discriminatory bias on the part of the same supervisor. <u>That common contention, moreover, must be of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke</u>.'") (quoting <u>Dukes</u>, 131 S.Ct. at 2551) (emphasis added); <u>Jacob v. Duane Reade, Inc.</u>, 602 F. App'x 3, 6 (2d Cir. 2015) (Summary Order) (applying <u>Dukes</u> in analyzing commonality requirement in a wage and hour litigation — "<u>Rule 23(a)(2)'s commonality prerequisite requires a showing that the plaintiffs' claims 'depend upon a common contention . . . of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke</u>.'") (quoting <u>Dukes</u>, 131 S.Ct. at 2551) (emphasis added).

Therefore, to the extent that Jackson and Morris could be read to suggest that the general standard of commonality enunciated in Dukes is not applicable to wage and hour class actions, the Court respectfully declines to follow those non-binding district court cases in light of the clear Second Circuit precedent described above. Accordingly, the Court finds that it did not err in citing to Dukes and therefore, reconsideration on that basis is also not justified.

Sixth, the Plaintiff asserts that the Court erred in relying on Velasquez v. Digital Page, Inc., 303 F.R.D. 435, 442 (E.D.N.Y. 2014) because the question in that case was whether employees were properly classified as exempt from overtime under the retail employee exemption, FLSA § 207(i), and the question in this case is whether employees were properly classified as exempt from overtime under the executive exemption, FLSA § 213(a)(1). (See the Pl.'s Mem. of Law at 14–16.)

The Plaintiff is correct that Velazquez dealt with a different exemption than this case. However, the Court did not rely on Velazquez for general propositions of law regarding the executive exemption. (See Mar. 31, 2015 Order, Dkt. No. 115, at 16.) Rather, it included Velazquez in a string cite because the factual scenario in this case is somewhat analogous to that factual scenario — namely, here, as in Velasquez, the Plaintiff failed to show that the question of whether the proposed class members actually worked overtime hours would be susceptible to class-wide proof. Thus, in both cases, the courts would have had to conduct individual inquiries into whether the class members were paid overtime, which does not support a finding of commonality. Under these circumstances, the Court does not find that its citation to Velazquez was misplaced.

Even if the Court found Velazquez to be inapposite, the Plaintiff offers no binding legal authority that the Court overlooked. Nor does it address the other cases relied on by the Court,

which clearly support its holding that the Plaintiff failed to show a common exemption policy that satisfied the requirements of Rule 23(a) and (b). See, e.g., Myers v. Hertz Corp., 624 F.3d 537, 549 (2d Cir. 2010) (affirming district court decision to deny certification where the evidence tended to show that the "exemption inquiry [in that case] requires 'an individualized and fact-intensive inquiry' into the job duties of each individual plaintiff to determine whether those duties qualified the individual station manager as an 'executive' under the applicable regulations"); White v. W. Beef Properties, Inc., No. 07 CV 2345 (RJD) (JMA), 2011 WL 6140512, at *5 (E.D.N.Y. Dec. 9, 2011) ("[T]he [c]ourt cannot permit class treatment of all DM and ADM overtime claims" "[where the] evidence spans nine different departments . . . each of which has a distinct set of concerns and job duties.").

Thus, even if the Court mistakenly relied on Velazquez, reconsideration would not be appropriate because the Plaintiff fails to point to any binding case law that undermines the Court's legal analysis. See Compagnia Importazioni Esportazioni Rappresentanze v. L-3 Commc'ns Corp., No. 06 CIV. 3157 (NRB), 2010 WL 1378992, at *1 (S.D.N.Y. Mar. 30, 2010) (denying reconsideration, in part, because "defendant points to case law that does not contradict the legal standard discussed and applied in the Order.")' Benjamin v. Goord, No. 02 CIV. 1703 (NRB), 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) ("The plaintiff does not attempt to put forward any controlling legal decisions that the Court did not address, nor does he present any relevant factual matters that the Court overlooked . . . . Accordingly, the plaintiff's motion for reconsideration is denied.").

Finally, the Plaintiff asserts that even if a proposed class of inside salespersons and assistant branch managers across all twenty of the BPS branches does not satisfy Rule 23(a) and (b), the Court could have certified a sub-class pursuant to Fed. R. Civ. P. 23(c)(5) consisting of

assistant branch managers and inside sales persons at the Mineola, Huntington, Hicksville, and Lynbrook branches.

The Court finds the Plaintiff's argument problematic for two reasons.

First, the Plaintiff's motion for certification proposed a class consisting of inside salespersons and assistant branch managers across all twenty of the BPS branches. He did not ask the Court to create sub-classes or even make reference to Fed. R. Civ. P. 23(c)(5). Thus, his attempt to raise this issue now is procedurally improper. See Image Processing Techs., LLC v. Canon Inc., No. CV 10-3867 (SJF) (ETB), 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) ("[A] party is not permitted to 'advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration.'") (quoting Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991)); City of New York v. Venkataram, No. 06 CIV. 6578 (NRB), 2009 WL 3321278, at *1 (S.D.N.Y. Oct. 7, 2009) ("It is not appropriate to use a motion for reconsideration as a vehicle to advance new theories a party failed to articulate in arguing the underlying motion.").

Second, Fed. R. Civ. P. 23(c)(5) provides, "When appropriate, a class <u>may</u> be divided into subclasses that are each treated as a class under this rule." (emphasis added). Thus, the standard for creating sub-classes is discretionary, and the Court "is not obligated to implement [Rule 23(c)(5)] on its own initiative." Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp., 993 F.2d 11, 14 (2d Cir. 1993); <u>see also</u> U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 408, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) ("[I]t is not the District Court that is to bear the burden of constructing subclasses. That burden is upon the [party seeking class certification] and it is he who is required to submit proposals to the court. The court has no *sua sponte* obligation to so act."). Thus, the fact that the Court did not *sua sponte* consider whether sub-classes might be

appropriate was not erroneous.  Accordingly, reconsideration on that ground is also inappropriate.

### III. CONCLUSION

For the foregoing reasons, it is hereby ordered that the Plaintiff's motion for reconsideration is denied.  The Clerk of the Court is directed to terminate docket entry number 121.

**SO ORDERED.**
Dated: Central Islip, New York
December 23, 2015

                                         _/s/ Arthur D. Spatt_
                                         ARTHUR D. SPATT
                                     United States District Judge