**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MICHAEL CALLARI, individually and on
behalf of other persons similarly situated who
were employed by BLACKMAN PLUMBING
SUPPLY, INC., and/or any other entities
affiliated with or controlled by BLACKMAN
PLUMBING SUPPLY, INC.,

                                Plaintiffs,

                          - against -

BLACKMAN PLUMBING SUPPLY, INC.,
ROBERT MANNHEIMER, as Co-Executor
of the Estate of Richard Blackman, and
ROBERT A. TEPEDINO, as the co-Executor
of the Estate of Richard Blackman, and JOHN
DOES #1-10,
                               Defendants.
-----------------------------------------------------------X

**MEMORANDUM
AND ORDER**

CV 11-3655 (ADS) (AKT)

## I.    PRELIMINARY STATEMENT

Michael Callari ("Plaintiff") brings this wage and hour action, individually and on behalf of other persons similarly situated, against Defendants Blackman Plumbing Supply, Inc. ("BPS"), Robert Manheimer, as co-executor of the Estate of Richard Blackman, and Robert A. Tepedino, as co-executor of the Estate of Richard Blackman, and John Does #1-10 (collectively, the "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216, New York Labor Law ("NYLL") Article 19 § 663, NYLL Article 6 §§ 190 *et seq*. and 12 New York Codes, Rules and Regulations ("NYCRR") § 142-2.2. Specifically, Plaintiff alleges that he and similarly situated employees were misclassified by the Defendants as exempt employees under the FLSA and were thus unlawfully deprived of overtime compensation. *See generally* Complaint [DE 1].

Presently before the Court is Defendants' letter motion seeking to: (1) re-open discovery for the limited purpose of permitting Defendants to conduct fact discovery with respect to each opt-in plaintiff who joins this action; and (2) further amend the Amended Joint Pre-Trial Order to add nine additional trial witnesses whom Defendants may seek to call when this case goes to trial. *See* DE 116. Plaintiffs have not filed any opposition to Defendants' letter motion. For the reasons that follow, Defendants' motion to (1) re-open discovery and (2) to amend the Joint Pre-Trial Order are hereby GRANTED.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff filed his Complaint on July 29, 2011. *See* Compl.[1] On September 28, 2011, Defendants interposed their Answer. *See* Answer [DE 4].

On September 28, 2012, George Ruggiero ("Ruggiero") opted-in as a plaintiff and is the sole opt-in plaintiff in this action to date. *See* DE 26. Thereafter, on June 21, 2013, following the death of Richard Blackman, the parties entered into a stipulation substituting Robert Manheimer ("Manheimer") and Robert A. Tepedino ("Tepedino"), Co-Executors of the Estate of Blackman, as defendants in this action, in place of Richard Blackman. *See* DE 57. The Court "so ordered" this stipulation on June 24, 2013. *See* DE 58.

Following the January 28, 2013 discovery deadline, *see* December 21, 2012 Electronic Order, Defendants moved for summary judgment on August 22, 2013, seeking dismissal of the Complaint in its entirety. *See* DE 61. On December 19, 2013, Judge Spatt issued a Memorandum of Decision and Order granting, in part, and denying, in part, Defendants' motion. *See* DE 78. In particular, Judge Spatt granted summary judgment dismissing opt-in Plaintiff George Ruggiero "because he waived

---

[1] The Court has previously summarized the facts of this case in its Memorandum and Order adjudicating Plaintiff's collective action certification motion and therefore directs the reader to that decision for a discussion of the underlying facts of this case. *See* DE 114.

his right to sue under the FLSA" by executing a WH-58 Form and accepting payment of a settlement following a U.S. Department of Labor investigation into Defendants' wage and hour practices. *Id*. at 24-25, 37. However, Judge Spatt held that Ruggiero may proceed with his NYLL claims because the waiver was limited to his claims under the FLSA. *Id*. at 26, 37.

Simultaneously, Judge Spatt denied Defendants' motion for summary judgment regarding the named-Plaintiff Michael Callari, holding that Plaintiff is "permitted to proceed with his FLSA claim and may move to certify a collective action and/or class action pursuant to Fed. R. Civ. P. 23." *Id*. at 37. In pertinent part, Judge Spatt found that Plaintiff is not precluded from moving for conditional certification even though discovery has been completed. *Id*. at 37. Judge Spatt also found that Plaintiff's claims are subject to the FLSA's two-year statute of limitations because Plaintiff had offered no evidence that the Defendants either knew or recklessly disregarded FLSA requirements when it classified him as an exempt employee. *Id.* at 29-31. Moreover, Judge Spatt held that "[a]s to the Defendants other contentions, such as that the Plaintiff is not similarly situated to other prospective class members, the Court shall address these issues when the Plaintiff makes his motion for certification of a collective action and/or class pursuant to Fed. R. Civ. P. 23." *Id*.

Subsequently, on January 8, 2014, Plaintiffs filed a motion for reconsideration of Judge Spatt's December 13, 2013 Memorandum of Decision and Order, pursuant to Local Civil Rule 6.3. *See* DE 81. Specifically, Plaintiffs took issue with the finding that opt-in Plaintiff Ruggiero waived his right to sue under the FLSA and, secondly, that the two-year, and not three-year, statute of limitations should apply in this case. Plaintiffs also moved to strike from the record a portion of the declaration of Defendants' witness Mark Schneider which was submitted in support of Defendants' reply on the summary judgment motion, asserting that the declaration contradicted Schneider's deposition testimony. *See* DE 81.

While Plaintiffs' motion for reconsideration was under review by Judge Spatt, Plaintiffs filed a motion seeking collective action certification on April 17, 2014. *See* DE 99. On April 28, 2014, Judge Spatt issued a Memorandum Decision and Order concerning Plaintiffs' motion for reconsideration and motion to strike, finding that the Court did not overlook controlling law and/or facts in issuing its December 19, 2013 summary judgment decision. *See* DE 100. Consequently, Judge Spatt denied Plaintiffs' motion for reconsideration in its entirety. *Id*. Further, Judge Spatt found moot Plaintiffs' motion to strike the Schneider reply declaration. *Id.* at 12. Judge Spatt explained that even if he were to strike the challenged portions of Schneider's reply declaration, Ruggiero had nonetheless waived his right to pursue an FLSA action against the Defendants based on the explicit language of the WH-58 Form which Ruggiero signed. *Id*. at 12. Thereafter, on March 27, 2015, this Court granted Plaintiffs' collective action certification motion. *See* DE 114. Defendants filed the instant letter motion on April 10, 2015, seeking to re-open discovery and to further amend the Joint Pre-Trial Order on that basis. *See* DE 116.

## III. DISCUSSION

### A. Motion to Re-Open Discovery

In their letter motion, Defendants request that the Court re-open discovery in light of the Court's decision granting Plaintiffs' motion for collective action certification. *See* DE 116 at 1. Specifically, Defendants assert that based on the current posture of this action — *i.e.* now a collective action with the potential for multiple members versus one brought solely on behalf of Plaintiff Callari and Opt-in Plaintiff Ruggiero — Defendants "need to depose and/or obtain written discovery from each opt-in who joins the case (if any) in order to properly assess their claims and defend against them." *Id*. Further, Defendants state that they would be "significantly prejudiced if they do not get the opportunity to conduct discovery in this regard" but that in

4

granting this request, no prejudice would inure to the Plaintiffs if discovery is re-opened since "the trial of this matter has not yet been set and plaintiffs will have a sufficient amount of time to conduct their own due diligence regarding the opt-in plaintiffs who join the case." *Id*. In addition, Defendants maintain the position that it was "unforeseeable that such additional discovery was needed until the Memorandum and Order of the Court was filed on March 27, 2015" and that the information Defendants seek is relevant since it goes directly to the issue of "whether the opt-ins are similarly situated to either plaintiff." *Id*. at 2. In support of their position, Defendants cite this Court's decision in *Spencer v. Int'l Shoppes, Inc.*, No. CV 06-2637, 2011 WL 3625582 (E.D.N.Y. Aug. 16, 2011) and assert that Defendants in the instant action have "shown that each of the six factors [as enumerated in *Spencer*] weigh in favor [of re-opening discovery]." *Id*.

1. ***Applicable Law***

The decision whether to re-open discovery is within a district court's discretion. *See Krawec v. Kiewit Constructors Inc.*, No. 11-CV-123, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013); *Shapard v. Attea*, No. 08-CV-6146, 2015 WL 866892, at *2 (W.D.N.Y. Mar. 2, 2015); *see generally Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (stating that a district court has "broad discretion to direct and manage the pre-trial discovery process."). "As a general rule, discovery should only be re-opened for good cause, depending on the diligence of the moving party." *Krawec*, 2013 WL 1104414, at *8 (citing *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)); *see, e.g.*, *Jacobs v. New York City Dept. of Educ.*, No. 11-CV-5058, 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2015) ("A party seeking to reopen discovery bears the burden of establishing good cause."); *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) ("In deciding whether to reopen discovery, courts consider whether good cause exists.")

(citing *Gray v. Town of Darien*, 927 F.2d 69 (2d Cir. 1991)); *see Marshall v. Starbucks Corp.*, No. 11-CV-02521, 2013 WL 123763, at *2 (S.D.N.Y. Jan. 8, 2013) (same). Courts consider the following six factors in determining whether good cause exists to re-open discovery:

> (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence.

*Thieriot v. Jaspan Schlesinger Hoffman, LLP*, No. 07-CV-5315, 2010 WL 4038765, at *6 (E.D.N.Y. Sept. 30, 2010) (quoting *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. 05-CV-776, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008)); *see, e.g.*, *Krawec*, 2013 WL 1104414, at *8; *Marshall*, 2013 WL 123763, at *2; *Bakalar*, 851 F. Supp. 2d at 493; *Spencer v. Int'l Shoppes, Inc.*, No. 06-CV-2637, 2011 WL 3625582, at *2 (E.D.N.Y. Aug. 16, 2011). The Court now addresses these principles as they apply to the specific facts of the instant case

### 2. The Factors Considered

#### i. Whether Trial is Imminent

Although this case has been pending for almost 5 years, no trial date has yet been set. As noted in Section II *supra*, after the close of discovery, Defendants moved for summary judgment, which was ultimately granted, in part, and denied, in part, on December 19, 2013. *See* DE 78. Thereafter, during the pendency of Plaintiffs' motion for reconsideration of Judge Spatt's summary judgment decision, Plaintiffs filed their motion for collective action certification [DE 99] which was decided by this Court on March 27, 2015. *See* DE 114. Thus, in light of the current procedural posture of this case, trial is not imminent and this factor weighs in favor of Defendants' application.

6

### ii. Whether Plaintiff and Opt-In Plaintiff Oppose the Motion

Plaintiffs have not filed any opposition to Defendants' letter motion. In addition, the docket reflects that Plaintiffs never filed a motion seeking an extension of time to file any opposition. As such, the Court treats Defendants' motion as unopposed. *See Pierre v. Archcare, Inc.*, No. 1:13-CV-7499, 2015 WL 144167, at *1 (S.D.N.Y. Jan. 10, 2015) ("Having received no response from plaintiff as of the date of this opinion and order, the Court treats defendant's motion as unopposed."). Thus, this factor weighs in favor of Defendants' position.

### iii. Prejudice to Plaintiff

In the instant case, Plaintiffs did not file their motion for collective action certification until after discovery had closed and the case had been certified as ready for trial. Although Plaintiffs' counsel may have operated under the assumption that because the Complaint sought collective action status for the FLSA claims that the case would automatically proceed as a collective, this assumption was misplaced. "The certification [of a collective action] is not automatic." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012); *see Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012) (same). Indeed, simply seeking designation of an action as a collective in the Complaint is insufficient to enable the Court to determine whether such certification is appropriate. "It is axiomatic that, even at th[e] preliminary stage, the Court must find "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims' of a particular practice." *Id*. at 222. Thus, in order to make this determination, the party seeking certification must file a formal motion, at which time the Court examines the pleadings and any affidavits submitted in conjunction with the motion papers and renders a decision. *See Fasanelli v. Heartland Brewery,*

*Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (recognizing that initial motion for conditional class certification triggers the court's conditional certification inquiry).

Moreover, despite the fact that Defendants could be said to have been on notice that Plaintiffs brought this action with the intent to proceed as a collective given the notification in the Complaint, at the time the Amended Joint Pre-Trial Order was filed, Plaintiffs had not yet filed a formal motion seeking collective action status. Indeed, Defendants interposed this circumstance in the Joint Pre-Trial Order stating "[t]he collective action allegations in the complaint should be dismissed because plaintiffs never filed for certification or conditional certification. . . ." *See* DE 69, Amended Joint Pre-Trial Order at 3. As such, in light of the timing of Plaintiffs' motion and the fact that Defendants could not have reasonably engaged in any opt-in discovery prior to the Court certifying the collective — which itself required that the Plaintiffs first file a motion seeking such certification — the Court does not find that there is any prejudice to Plaintiffs at this juncture in re-opening discovery in order to ensure that Defendants are able to gather information from potential opt-in plaintiffs that may prove pertinent to defending against Plaintiffs' collective action claims.

### iv. Diligence of Defendants in Seeking Discovery and Foreseeability of the Need for Discovery

As noted, Plaintiffs did not file their motion seeking collective action certification until after submission of the Amended Joint Pre-Trial Order. Consequently, the collective status of the case was not a foregone conclusion. Although this case was ultimately certified as a collective action, it was not unreasonable for Defendants to have refrained from expending the time and resources necessary to engage in discovery based on the assumption that a collective action would ultimately be brought when that did not happen for some 16 months after the case

8

was certified to Judge Spatt as trial-ready. *See* November 13, 2013 Electronic Order (accepting the Amended Joint Pre-Trial Order and certifying case as trial ready); DE 99 (Plaintiff's Motion for Collective Action Certification filed on April 17, 2014); DE 114 (the Court's March 27, 2015 Memorandum and Order granting collective action certification). In addition, Defendants could not have engaged in discovery regarding opt-ins without first being apprised of the identities of the potential opt-in plaintiffs which has not yet occurred.[2] In short, "material events have occurred since the last discovery period, which justice requires that the parties have an opportunity to develop through discovery." *Geneva Pharm. Tech. Corp. v. Barr Labs., Inc.*, No. 98 CIV. 861, 2005 WL 2132438, at *5 (S.D.N.Y. Sept. 6, 2005). As such, this factor weighs in favor of Defendants.

v. **Likelihood that Discovery Will Lead to Relevant Evidence**

Discovery related to potential opt-in plaintiffs is likely to lead to relevant evidence whether Plaintiff in fact similarly situated to any potential opt-in plaintiffs. Further, in conditionally certifying the collective, this Court rendered a decision only as to the first-step of the process which encompasses a relatively liberal evidentiary standard. *See* DE 114. However, upon the close of discovery, the Court engages in a more probing analysis at the second-step. That analysis could result in a finding that Plaintiffs have not met their burden and Defendants would have the opportunity to move for class decertification. Therefore, the discovery Defendants' seek is relevant here. *See Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 100

---

[2] The Court acknowledges that both Plaintiff and Defendants have filed separate proposed Notices of Pendency. *See* DE 117, 118. Further, Defendants have lodged objections to the proposed Notice filed by Plaintiff after the required meet-and-confer proved unsuccessful. *See* DE 119. The Court will review both submissions as well as Defendants' objections and determine the Notice's final form after which Plaintiff will be authorized to send out the Notice to potential opt-in plaintiffs.

(E.D.N.Y. 2014) ("At the second step, after discovery, a court examines the record and again makes a factual finding regarding the similarly situated requirement; [i]f the claimants are similarly situated, the collective action proceeds to trial, but if they are not, the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative[s] may proceed on [their] own claims.") (internal quotations and citation omitted). Indeed, information gleaned from any potential opt-ins — such as overall hours worked, dates of employment, positions held, manner and amount of pay as well as individual job duties and responsibilities — all bear on collective action status and ultimately potential trial issues. As such, this factor weighs in favor of Defendants' request for relief.

In light of the above discussion, the Court finds that the Defendants have established the requisite "good cause" for re-opening discovery to gather information concerning potential opt-in plaintiffs. Their motion to re-open discovery for this purpose is GRANTED.[3]

### B.  Motion to Amend the Joint Pre-Trial Order

Defendants next seek to request leave to further amend the Joint Pre-Trial Order filed on November 12, 2013, *see* DE 69, to add nine additional witnesses: Edward Hoffman, Daniel O'Neill, Anthony Alborano, Vasilios Taris, Michael voulo, John Donlon, Louis Peppe, Theodore Sexton and Jane Donaghy. *See* DE 116 at 2. As a rationale for this request, Defendants assert that since "the Court conditionally certified the case as a collective [] on March 27, 2015, the focus of defendants' case has shifted from potentially defending at trial the individual claims of [Callari and Ruggiero] . . . to potentially having to defend at trial the claims of what may be a

---

[3] Based upon the Court's definition of the collective in this case, it may be necessary for the Court to limit Defendants' discovery with respect to potential opt-ins to a "sampling." However, in light of the fact that Notice of Pendency still needs to be finalized, approved by the Court, and disseminated, this question is for another day.

class of people as defined by the Court in its Order and allegations of improper company-wide policies and procedures[.]" *Id*. Defendants further state that the proposed additional witnesses "provided declarations used by defendants in their opposition to plaintiff's motion to certify the case [as a collective] . . . [and] [t]hese witnesses have also been included in defendants' Amended FRCP Rule 26(a)(1) Initial Disclosures dated April 9, 2015."[4] *Id*. Defendants claim that each of these witnesses has personal knowledge concerning the policies and practices of the Defendants as well as the job functions of both the Assistant Branch Manager role as well as that of the Inside Salesperson position and would testify concerning their knowledge of these areas. *Id*.

In addition, Defendants state that "[t]he need for these witnesses was not known to the defendants at the time of the pre-trial conference and did not arise until the case was conditionally certified so there was no reason to include them in the Amended Joint Pre-Trial Order." *Id*. at 3. Similarly, Defendants maintain that the inclusion of these witnesses for trial purposes "has become critical to defendants' position" and that, in any event, "Plaintiff would suffer no prejudice or surprise" since no trial date has been set and Plaintiff "has the time it needs to conduct its own due diligence on the information the witnesses already disclosed in their [previous] declarations." *Id*.

   1.   ***Applicable Law***

A motion to amend a pre-trial order is governed by Rule 16(e) of the Federal Rules of Civil Procedure which states, in pertinent part, that "[t]he court may modify the [pre-trial] order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

---

[4] The Court assumes these witnesses were not included in Defendants' initial Rule 26(a) disclosures.

Despite this seemingly inflexible standard, Second Circuit precedent makes clear that in fact "a district court has significant discretion in determining how to apply [the terms of Rule 16(e)]." *Helena Assocs., LLC v. EFCO Corp.*, No. 06 Civ. 086, 2009 WL 2355811, at *2 (S.D.N.Y. July 29, 2009); *see, e.g.*, *Henry v. Department of Transp.*, 69 Fed. App'x 478, 481 (2d Cir. 2003) ("The decision to permit amendment of the proposed Joint Pre-Trial Order rests within the discretion of the Court and should be granted when 'the interests of justice make such a course desirable.' ") (quoting *Madison Consultants v. Federal Deposit Ins. Corp.*, 710 F.2d 57, 62 n. 3 (2d Cir. 1983)); *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir. 1994) ("A trial court is given broad discretion in managing a trial, and this discretion includes a certain amount of latitude to deviate from the terms of the pretrial order." (internal citations omitted)); *Clark v. Pennsylvania R.R. Co.*, 328 F.2d 591, 594 (2d Cir. 1964) ("[I]t is a fundamental principle of pretrial that this procedure be flexible, with power reserved to the trial judge to amend the order or permit a departure from strict adherence to the pre-trial statements of either party, when the interests of justice make such a course desirable."); *Santrayll v. Burrell,* No. 91 Civ. 3166, 1998 WL 24375, at *3, (S.D.N.Y. Jan. 22, 1998) ("'Motions to reopen or to modify a pretrial order are addressed to the sound discretion of the trial judge.'") (quoting *Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 805 F.2d 49, 52 (2d Cir. 1986)).

In rendering a decision concerning the amendment of a pre-trial order, "a court should balance 'the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements.'" *Eberle v. Town of Southampton*, 305 F.R.D. 32, 34 (E.D.N.Y. 2015) (quoting *Laguna v. Am. Export Isbrandtsen Lines, Inc.*, 439 F.2d 97, 101 (2d Cir. 1971)). In that regard,

12

relevant factors to be considered in determining whether a pre-trial order may be amended include:

> (1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party. Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result.

*Potthast v. Metro–North R.R. Co.*, 400 F.3d 143, 153 (2d Cir. 2005) (citing *Rapco, Inc. v. Comm'r*, 85 F.3d 950, 953 (2d Cir. 1996)); *see Mhany Mgmt. Inc. v. Incorporated Village of Garden City*, No. 05-CV-2301, 2013 WL 1821113, at *3 (E.D.N.Y. Apr. 29, 2013) (enumerating factors).

In analyzing whether prejudice will inure to the party opposing the amendment of the pretrial order, "the Court must consider 'whether the amendment is sought in the midst of trial or on the eve of trial.'" *Eberle*, 305 F.R.D. at 34 (quoting *Finnish Fur Sales Co. Ltd. v. Furs Unlimited, Inc.*, No. 89 Civ. 6284, 1992 WL 47372, at *1 (S.D.N.Y. Mar. 4, 1992)). "However, because the primary purpose of Rule 16 is to minimize prejudicial surprise during trial . . . even an amendment sought at the last minute due to the movant's lack of diligence may be allowed if it does not significantly prejudice the opposing party." *Helena*, 2009 WL 2355811, at *3; *see e.g.*, *Finnish Fur.*, 1992 WL 47372, at *2. Indeed, "[t]he overarching principle in this regard is that 'Rule 16 was not intended to function as an inflexible straitjacket on the conduct of litigation or to produce an abstract, perfect equivalence between the pretrial papers and the course of litigation; instead, it was intended to insure the efficient resolution of cases and, most importantly, minimize prejudicial surprise.'" *Mhany Mgmt. Inc.*, 2013 WL 1821113, at *3 (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 527 (2d Cir. 1989)); *see* Fed. R. Civ. P. 16(e)

13

Advisory Committee Notes ("By not imposing any limitation on the ability to modify a pretrial order, the rule reflects the reality that in any process of continuous management, what is done at one conference may have to be altered at the next. . . ."). As such, an amendment of the pretrial order will usually result where "no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Mhany Mgmt. Inc.*, 2013 WL 1821113, at *4.

### 2. *Amendment in the Current Context*

"A party to a federal civil lawsuit must at the outset of the litigation disclose to its opponent the name of and contact information for 'each individual likely to have discoverable information that the disclosing party may use to support its claims. . . .'" *Alfano v. Nat'l Geographic Channel*, No. CV 06-3511, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007) (quoting Fed. R. Civ. P. 26(a)(1)(A)). The disclosures required must be based on "information then reasonably available" to the disclosing party, regardless of whether that party has yet to complete its investigation of the case. Fed. R. Civ. P. 26(a)(1)(E). A party is also under an affirmative duty to supplement incomplete or incorrect disclosures with later-acquired information that has not otherwise been made known to its opponent during discovery. Fed. R. Civ. P. 26(a)(2)(E). Generally, a party's failure to satisfy these obligations precludes it from using the withheld information as evidence at trial. *See* Fed. R. Civ. P. 37(c)(1); *Stover v. Northland Group, Inc.*, 2007 WL 1969724, at *2-*3 (W.D.N.Y. July 6, 2007) (precluding testimony of witness where party failed to include witness in Rule 26(a) disclosures or to identify witness in response to opponent's interrogatories); *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 634 (S.D.N.Y. 2005).

Although the Court is mindful that the nine potential witnesses whom Defendants seek to add were not disclosed in Defendants' Rule 26(a) Initial Disclosures, Defendants have since supplemented their disclosures as of April 10, 2015, *see* DE 116-1. These supplemental disclosures, which identify these nine additional witnesses, were made promptly following this Court's decision to grant Plaintiff's motion for conditional certification of its FLSA claims. Further, since this case was not certified as a collective action until March 27, 2015, there is at least some basis for Defendants' omission of these potential witnesses in earlier disclosures made pursuant to Rule 26(a) where prior to the certification of this matter as a collective action, the Defendants were proceeding solely against Callari and Ruggiero individually. Thus, it is at least plausible that Defendants operated under the belief that these nine individuals did not possess discoverable information relevant to the claims or defenses which would otherwise warrant such disclosure.

As such, Plaintiffs have had adequate notice, at least as of the date of Defendants' supplemental disclosures, of Defendants' intention to potentially utilize these witnesses at trial. Any prejudice or surprise to Plaintiffs is thus minimal, especially since a trial date has not yet been set and the fact that Plaintiffs have been on notice as to these potential witnesses for just under a year. *See Mhany Mgmt. Inc.*, 2013 WL 1821113, at *5 (finding "no real prejudice" in permitting amendment of pre-trial order to add four witnesses where the trial was seven weeks away and the opposing party had been on notice as to these additional witnesses "for several years, and thus their inclusion on a list of potential witnesses should come as no surprise. . . ."). Further, Plaintiffs have not opposed Defendants' letter motion seeking to amend the Joint Pre-Trial Order in this case despite having had proper notice and an ample opportunity to respond thus further mitigating any inherent prejudice to Plaintiffs.

As to the potential for any significant disruption to the orderly and efficient progression of this case, the Court finds that based upon the relatively recent change in the procedural posture of this case (*i.e.* individual claims versus a certified collective) and the fact that no trial date has been set at this juncture, there is little potential, if any, for disruption which would necessitate denying Defendants' request. *See, e.g.*, *Mandarino v. Mandarino*, 408 Fed. App'x 428, 432 (2d Cir. 2011) ("This is not a case in which Appellant was presented with proposed defense witnesses on the eve of trial; to the contrary, the district court permitted the Defendants' amendment of the pretrial order more than three and a half months prior to the hearing"); *Giannone v. Deutsche Bank Secs., Inc.*, No. 03 Civ. 9665, 2005 WL 3577134, at *2 (S.D.N.Y. Dec. 30, 2005) (granting leave to amend a pre-trial order to include an additional witness and additional exhibits, and "[i]n so doing, ... not[ing] that there is ample time before trial for Giannone to cure any minimal prejudice that may inure to her as a result of such an amendment."); *Mhany Mgmt. Inc.*, 2013 WL 1821113, at *5 (recognizing that there would be "no disruption to the case" where request to amend the pre-trial order was made approximately three and a half months prior to the trial).

Likewise, the Court finds no indication in the record that Defendants are acting in bad faith. Thus, although a party's bad faith or willful failure can support the denial of a motion to amend a pretrial order, "the Court sees no reason to doubt the [Defendants'] good faith in seeking this amendment." *Mhany Mgmt. Inc.*, 2013 WL 1821113, at *5.

With respect to any potential prejudice to Defendants if the Court were to deny their request to amend the Joint Pre-Trial Order, the Court finds that the potential issues involved in defending this action have changed. As such, the nine potential witnesses identified by Defendants may possess information relevant to the Defendants' defense of the collective action

16

claims. To deny Defendants the opportunity to present these witnesses at trial would, indeed, amount to significant prejudice and is contrary to the notion that the parties should enjoy a level playing field at trial. *See Fields-D'Arpino v. Rest. Associates, Inc.*, 39 F. Supp. 2d 412, 418 (S.D.N.Y. 1999) (employing "prophylactic measures . . . to level the playing field in this action and ensure that plaintiff's claims will be fairly adjudicated."); *Mhany Mgmt. Inc.*, 2013 WL 1821113, at *6 ("To allow th[e] amendment [of the pre-trial order] will . . . ensur[e] parity between the parties at trial and ensur[e] that the Court, as fact-finder, receives as full, balanced, and complete a factual picture as possible.").

In light of the above analysis, the Defendants' motion to further amend the Joint Pre-Trial Order to add Edward Hoffman, Daniel O'Neill, Anthony Alborano, Vasilios Taris, Michael Voulo, John Donlon, Louis Peppe, Theodore Sexton and Jane Donaghy as potential witnesses is GRANTED.

## IV. CONCLUSION

For the reasons stated in the foregoing discussion, Defendants' motion to (1) re-open discovery and (2) to amend the Joint Pre-Trial Order are hereby GRANTED.

The Court is scheduling a telephone conference with counsel for April 11, 2016 at 1:30 p.m. Plaintiffs' counsel is directed to initiate the call to Chambers.

**SO ORDERED.**

Dated: Central Islip, New York
      March 31, 2016

                              /s/ A. Kathleen Tomlinson
                              A. KATHLEEN TOMLINSON
                              United States Magistrate Judge